UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| $71,225.00 U.S. Currency, | § | |
| Defendant. | § | |

VERIFIED COMPLAINT FOR CIVIL FORFEITURE
IN REM AND NOTICE TO POTENTIAL CLAIMANTS

Now comes Plaintiff, the United States of America, by its attorneys Jennifer B. Lowery, United States Attorney for the Southern District of Texas, and Jon Muschenheim, Assistant United States Attorney, and files this action for forfeiture in rem against the above-entitled Defendant property. The United States respectfully alleges on information and belief as follows:

JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355. The Defendant Property is located in the Southern District of Texas and is within the jurisdiction of this Court.

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1355, 1391(b) and 1395(a) and (b).

THE DEFENDANT PROPERTY SUBJECT TO FORFEITURE

3. The Defendant Property is described as follows:

$71,225.00 U.S. Currency.

## STATUTORY BASIS FOR FORFEITURE

4.     The Defendant Property is subject to forfeiture under 21 U.S.C. § 881(a)(6), which provides for the forfeiture of all monies furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act (21 U.S.C. § 801, *et seq.*), all proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate any violation of the Controlled Substances Act.

5.     This is a civil action <u>in rem</u> brought to enforce the provisions of 18 U.S.C. § 981(a)(1)(C), which provides for the forfeiture of "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to ... any offense constituting 'specified unlawful activity' (as defined in [18 U.S.C.] section 1956(c)(7) of this title), or a conspiracy to commit such offense."

6.     This action is also brought to enforce the provisions of 18 U.S.C. § 981(a)(1)(B)(i), which provides for the forfeiture of "any property, real or personal, within the jurisdiction of the United States, constituting, derived from, or traceable to, any proceeds obtained directly or indirectly…or any property used to facilitate such an offense…(which) involves the manufacture, importation, sale or distribution of a controlled substance (as that term is defined for purposes of the Controlled Substances Act), or any other conduct described in section 1956(c)(7)(B)."

## SUMMARY OF CASE

7.     On February 9, 2022, law enforcement officers seized $71,225.00 from Andres Hernandez-Sanchez at the Houston Bus Terminal, Houston, Texas. The seizure

2

was made by members of the Houston Police Department (HPD) Narcotics Division. These officers are specially trained in the observance of potential narcotics/money traffickers and are able to determine and identify behavior characteristics common among the normal traveler and those characteristics of persons who are narcotics/money carriers.

## FACTS OF THE CASE

8. On Wednesday, February 9, 2022, at approximately 9:00 a.m., officers were monitoring the incoming buses at the Houston Bus Terminal. When the bus arrived, Officers Dabila and Hicks observed a Hispanic male, later identified as Andres Hernandez-Sanchez, exit the bus.

9. Officers Dabila and Hicks approached Hernandez-Sanchez and identified themselves as Houston Police officers by displaying their badges and credentials. Officer Dabila told Hernandez-Sanchez that they were narcotics officers talking to passengers at the bus station. Officer Dabila asked if they could speak with Hernandez-Sanchez, to which Hernandez-Sanchez agreed.

10. Hernandez-Sanchez stated that he was traveling to Houston from North Carolina, where he had been on vacation since Saturday. Hernandez-Sanchez stated that he lived in Rosharon, Texas. He stated that he only had one suitcase and was aware of its contents. He stated that he had packed the suitcase, adding that he had clothes inside it. Hernandez-Sanchez stated that no one had requested him to transport any contraband or large sums of money. He consented to the officers' search of the suitcase.

11. Officer Dabila asked Hernandez-Sanchez if he could open his jacket. When Officer Dabila conducted a pat down of the exterior of the jacket, he felt a rectangular bundle, a shape consistent with a bundle of currency. When Officer Dabila asked Hernandez-Sanchez if he had any money, Hernandez-Sanchez answered yes. At this time, Officer Hicks was conducting a search of Hernandez-Sanchez's duffel bag and stated that he found money inside the bag.

12. Hernandez-Sanchez told Officer Dabila that he had $60,000 in his bag. Hernandez-Sanchez claimed that the money was for purchasing vehicles at a car auction. He also indicated that he had money in his boots. Hernandez-Sanchez claimed that he earned the money through his construction company. However, he could not provide a business card or any other kind of documentation that would prove that he was in the construction business. Hernandez-Sanchez could also not provide any evidence that the money inside the bag or in his boots came from legitimate business transactions.

13. The officers asked Hernandez-Sanchez to accompany them to the narcotics office located near Hobby Airport. At the office, Officer Hicks photographed the currency taken from Hernandez-Sanchez. The bundles were wrapped in black tape, a method of concealment.

14. The currency was placed in a sterile bag and taken to a secure area where a Canine Officer deployed drug detection canine "Bo" to check the currency. Bo positively alerted to the currency for the odor of controlled substances. Because of the manner in which the currency was concealed and the positive canine alert, SA Hernandez seized the currency for forfeiture.

15. Sgt. Carrillo and the other officers who sorted and counted the seized currency found an initial total of $70,605. Sgt. Carrillo secured and packaged the seized currency and transported it to the Narcotics Division safe at HPD headquarters. In fact, once recounted later at Loomis Armored Services, it was determined to be $71,225.

16. On July 20, 2022, Andres Hernandez-Sanchez was arrested for Driving While Intoxicated and Possession of Cocaine in Orange County, North Carolina. During a search of the vehicle driven by Mr. Hernandez-Sanchez, officers seized approximately $220,000 in U.S. currency which was hidden in a trash bag underneath the spare tire in the trunk. As to the $220,000, Mr. Hernandez-Sanchez denied knowledge.

17. On February 15, 2022, SA Hernandez and Officer Hicks transported the seized currency to Loomis Armored Services in Houston, Texas, where the currency was counted and deposited into a United States Marshals Service account. The following denominations were obtained:

| **Denominations** | **Number of Bills** | **Total** |
|---|---|---|
| $100 | 172 | $17,200.00 |
| $50 | 106 | $5,300.00 |
| $20 | 2400 | $48,000.00 |
| $10 | 43 | $430.00 |
| $5 | 59 | $295.00 |
| **Totals** | **2780** | **$71,225.00** |

CONCLUSION

18.     Based on the foregoing facts, there is probable cause to believe that the property seized constitutes or is derived from proceeds traceable to drug trafficking and is subject to forfeiture under 18 U.S.C. § 981(a)(1)(C) as property which constitutes or is derived from proceeds traceable to specified unlawful activity.

NOTICE TO ANY POTENTIAL CLAIMANT

YOU ARE HEREBY NOTIFIED if you assert an interest in the Defendant Property subject to forfeiture and want to contest the forfeiture, you must file a verified claim which fulfills the requirements set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.  The verified claim must be filed no later than thirty-five (35) days from the date this complaint was sent to you in accordance with Rule G(4)(b); or, if this Complaint was not sent to you, no later than 60 days after the first day of publication of notice on an official internet government forfeiture site, in accordance with Rule G(5)(a)(ii)(B).

An answer or a motion under Federal Rule of Civil Procedure 12 must be filed no later than twenty-one (21) days after filing the claim.  The claim and answer must be filed with the United States District Clerk for the Southern District of Texas, either electronically or at the United States Courthouse, 515 Rusk Avenue, Houston, Texas 77002. A copy must be served upon the undersigned Assistant United States Attorney either electronically or at the address provided in this Complaint.

## RELIEF REQUESTED

The United States will serve notice, along with a copy of the Complaint, on the property owner and on any other persons who reasonably appear to be potential claimants. The United States seeks a final judgment forfeiting the Defendant Property to the United States and any other relief to which the United States may be entitled. The United States requests a jury trial.

                    Respectfully submitted,

                    Jennifer B. Lowery
                    United States Attorney
                    Southern District of Texas

By:   *s/ Jon Muschenheim*
                    Jon Muschenheim
                    Assistant United States Attorney
                    Southern District of Texas
                    Texas Bar Number 14741650
                    One Shoreline Plaza, South Tower
                    800 N. Shoreline Blvd., Suite 500
                    Corpus Christi, Texas 78401
                    Phone: (361) 903-7905
                    Jon.Muschenheim@usdoj.gov

## VERIFICATION

I, Cesar Hernandez, a Special Agent employed by the Drug Enforcement Administration, declare under the penalty of perjury, as provided by 28 U.S.C. § 1746, that I have read the foregoing Verified Complaint for Civil Forfeiture In Rem and Notice to Potential Claimants, and that the facts stated in paragraphs 8-17 are based upon my personal knowledge, upon information obtained from other law enforcement personnel, or upon information I obtained in the course of my investigation, and they are true and correct to the best of my knowledge and belief.

Executed on the 17th day of August, 2022.

_____
Cesar Hernandez, Special Agent
Drug Enforcement Administration